UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| JODY VIRIGINIA LYNN STEWART, et al., | ) |   |   |
|---|---|---|---|
|   | ) |   |   |
| Plaintiffs, | ) |   |   |
|   | ) |   |   |
| v. | ) | No.: | 2:24-CV-27-KAC-JEM |
|   | ) |   |   |
| RICHARD E. LADD, et al., | ) |   |   |
|   | ) |   |   |
| Defendants. | ) |   |   |

## MEMORANDUM OPINION & ORDER

This matter is before the Court on several Parties' motions requesting relief that all relate, at least in part, to this Court's jurisdiction over this action and individual Parties [Docs. 40, 44, 47, 50, 59]. Because the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine, the Court dismisses this action.

Though not entirely clear, this action appears to arise from a familial dispute over rights to control a family business [*See* Doc. 22 ¶¶ 55-58].[1] On July 6, 2021, Plaintiffs filed an action in Sullivan County Chancery Court, seeking an injunction against Defendant Tina Robinette to enforce rights Plaintiffs believe they have to the family business [*See id.* ¶ 43; Doc. 47 at 2]. Sullivan County Chancery Court judge Defendant the Honorable William K. Rogers entered an order granting the injunction that day [Doc. 22 ¶ 44]. Defendant Robinette was represented by Defendants Richard Ladd; Karissa Range; and Penn Stewart & Eskridge, P.C. [Doc. 22 ¶¶ 7, 58]. Defendant Robinette thereafter moved to dismiss Plaintiffs' Chancery Court action under the

---

[1] Where, as here, a party levies "a factual attack on the subject matter jurisdiction alleged in [Plaintiffs'] Complaint," [*see* Doc. 47], there is "no presumptive truthfulness" to the allegations in the Complaint, *see Howard v. City of Detroit, Mich.*, 40 F.4d 417, 422 (6th Cir. 2022) (citation omitted). Therefore, the Court "has wide discretion to review evidence outside the complaint" to satisfy itself that it possesses subject matter jurisdiction. *See id.*

Tennessee Abusive Civil Actions statute, Tenn. Code Ann. § 29-41-101, *et seq.* ("ACA"). ACA provides that a Tennessee civil action "shall be dismissed" when it is instituted "by a plaintiff against a defendant with whom the plaintiff shares a civil action party relationship primarily to harass or maliciously injure the defendant." *See* Tenn Code Ann. §§ 29-41-101, 106. ACA further provides that a state court "shall conduct a hearing to determine the merits of the defendant's allegations." *Id.* at § 29-41-104(a). The Chancery Court set an evidentiary hearing [Doc. 40-1 at 6-7].

At that October 2023 evidentiary hearing, Plaintiffs' counsel asserted that ACA was unconstitutional and perplexingly "requested that the Court review, consider, and rule on the [ACA] Motions without hearing any evidence" [*Id.* at 11-12]. The Chancery Court heard evidence. After the evidentiary hearing concluded, Defendant Judge Rogers granted Defendant Robinette's motion to dismiss under ACA in an Order and Final Judgment on November 11, 2023 [*Id.* at 22-30]. On December 6, Plaintiffs filed a motion to alter or amend the Order and Final Judgement, which Defendant Judge Rogers denied on January 19, 2024 [*See* Doc. 40-4]. Defendant Judge Rogers noted that Plaintiffs' challenge to ACA's constitutionality, even if procedurally proper, "lack[ed] any factual or legal support" [*Id.* at 2]. Plaintiffs appealed, and that action is currently pending before the Tennessee Court of Appeals [*See* Docs. 40-2; 36-1 at 8 n.5].

On February 19, Plaintiffs filed this action in federal court [Doc. 1]. Plaintiffs subsequently amended their Complaint, alleging claims under 42 U.S.C. § 1983 for "violations of the Fifth and Fourteenth Amendments;" "civil conspiracy" claims under "42 U.S.C. §§ 1985 and 1986;" and two (2) state law claims [Doc. 22 at 16-27].

The Amended Complaint contends that "[a]s a result of [Defendant] Judge Rogers' ruling," Plaintiffs have suffered violations of their Fifth and Fourteenth Amendment rights "without being

2

able to prosecute or present their claims" [*Id.* ¶ 86]. The Amended Complaint argues that Defendants "conspired to illegally obtain and issue orders interfering with Plaintiffs' due process rights" [*Id.* ¶ 184]. The Amended Complaint further asserts that "application of the ACA" "violate[s] [their] constitutional rights" and Defendant Judge Rogers's "void and illegal orders depriv[ed] Plaintiffs of their constitutional rights" [*Id.* ¶¶ 146-47]. Moreover, Plaintiffs "fear[]" "any decision" by Defendant Barry Staubus "to prosecute" them for attempting to operate the family business's office "based on [Defendant] Judge Rogers's erroneous ruling and improper application of the ACA" [*Id.* ¶¶ 98-99]. Plaintiffs' state law claims, too, are based on the acquisition and enforcement of the Chancery Court's Order and Final Judgment [*See id.* ¶¶ 172, 173, 175, 137,[2] 138]. Last, the Amended Complaint asserts in its prayer for relief that "Defendants have violated the Plaintiffs' rights" "***by issuing orders dismissing their*** [state court] ***case***" and requests as relief, in part, an "immediate injunction to prevent further violation of their constitutional rights" [*Id.* at 27-28 (emphasis added)].

The *Rooker-Feldman* doctrine "operates as a natural consequence of Congress's decision not to grant subject-matter jurisdiction to the federal district courts" to "consider appeals of state-court decisions." *See Vanderkodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 402 n.2 (6th Cir. 2020). Federal courts "are all of limited jurisdiction," *see Kempe's Lessee v. Kennedy*, 9 U.S. (5 Cranch.) 173, 185 (1809), "confined within such limits as Congress sees fit to prescribe," *see The Francis Wright*, 105 U.S. 381, 385 (1881). "[L]ower federal courts," therefore, "possess no power whatever to sit in direct review of state court decisions." *See RLR Invests., LLC v. City*

---

[2] Plaintiffs' Amended Complaint contains two sets of paragraphs numbered 136 through 141. These citations refer to the second set of numbered paragraphs on page 29 of the Amended Complaint.

3

of Pigeon Forge, Tenn., 4 F.4th 380, 394 (6th Cir. 2021) (citation omitted). "[D]etermin[ing] whether *Rooker-Feldman* bars a claim" requires the Court to examine the "source of the injury the plaintiff alleges in the federal complaint" and the "request for relief." *See Vanderkodde*, 951 F.3d at 402 (citations omitted). *Rooker-Feldman* bars a claim when a "plaintiff's injury is the state-court judgment itself." *Id.* The doctrine applies to the "narrow" band of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced." *Id.* (citation and footnote omitted). "If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Id.* While "*Rooker-Feldman* cases are [often] complicated," there is "no complexity when the litigant directly asks a federal district court to declare a state-court order to be unconstitutional and enjoin its enforcement." *See RLR Invests., LLC*, 4 F.4th at 387-88 (6th Cir. 2021) (citation and quotation marks omitted). Under prevailing Sixth Circuit precedent, *Rooker-Feldman* applies to deprive "federal district courts" of "jurisdiction over appeals of interlocutory state-court orders." *See id.* at 396.

Here, Plaintiffs' alleged injury is the Chancery Court's Order and Final Judgment. The Amended Complaint asserts that Plaintiffs have been harmed "***[a]s a result of Judge Rogers' ruling***" and Defendants "conspir[acy] to ***obtain and issue orders*** interfering with Plaintiffs' due process rights" [Doc. 22 ¶¶ 86, 184 (emphasis added)]. It is the Chancery Court's "application of the ACA" that allegedly caused Plaintiffs' injury, and Plaintiffs complain that any attempt "to enforce the orders and rulings" would cause Plaintiffs further harm [*See id.* ¶¶ 90, 93, 146-47]. Moreover, Plaintiffs' "fear" of any yet unrealized "decision" by Defendant Barry Staubus "to prosecute" them is based on a fear that they could be prosecuted for violating the Chancery Court's Order and Final Judgment [*Id.* ¶ 98]. Plaintiffs' prayer for relief makes plain their theory that

4

"Defendants have violated the Plaintiffs' rights" "*by issuing orders dismissing their* [state court] *case*" [*Id.* at 27-28 (emphasis added)]. The Amended Complaint does allege that Defendants "conspired to illegally obtain and issue orders interfering with Plaintiffs' due process rights," [*see id.* ¶ 184], but "the source of the injury" to Plaintiffs is the Chancery Court's Order and Final Judgment not any third-party action that could give rise to an independent claim. *See Vanderkodde*, 951 F.3d at 402 (citation omitted). As such, the Amended Complaint effectively, and at times overtly, asks the Court to hold the Chancery Court's Order and Final Judgment "unconstitutional and enjoin its enforcement." *See RLR Invests., LLC*, 4 F.4th at 387-88 (citation omitted). The *Rooker-Feldman* doctrine bars this Court from indulging that request. *See id.* The Court, therefore, lacks subject matter jurisdiction. *See id.*; *Vanderkodde*, 951 F.3d at 402. Accordingly, the Court **DISMISSES** this action without prejudice.

SO ORDERED.

KATHERINE A. CRYTZER
United States District Judge